IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALI CHOUDHRI, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | |
| | § | |
| DOLCEFINO COMMUNICATIONS, | § | Civil Action No. 4:23-cv-01742 |
| LLC D/B/A DOLCEFINO | § | |
| CONSULTING AND WAYNE | § | |
| DOLCEFINO. | § | |
| | § | |
| *Defendants.* | § | |

**DEFENDANTS DOLCEFINO COMMUNICATIONS, LLC AND WAYNE DOLCEFINO'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(5) AND, SUBJECT TO SAME, MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 4**

Defendants, Dolcefino Communications, LLC and Wayne Dolcefino (hereinafter collectively referred to as "Defendant Dolcefino", "Dolcefino Defendants" or "Dolcefino"), file this Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(5) and, Subject to Same, Motion to Dismiss Pursuant to FED. R. CIV. P. 4, and in support respectfully shows as follows:

## I. SUMMARY

1. Plaintiff has brought this action to enforce the Electronic Communications Privacy Act and other state law claims. His claims are mirror images of the myriad of similar meritless claims brought by Plaintiff's attorney, Lloyd Kelley, all of which have now been consolidated into Judge Ellison's court. This action should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(5). Further, Subject to Same, Dolcefino moves to dismiss pursuant to FED. R. CIV. P. 4.

2. Service was ineffective for the following reasons, including, but not limited to:

   a. The Affidavits supporting the Motion for Substituted

Service were fatally defective;

  b. The Motion for Substituted Service was fatally defective and does not cure the deficiencies in the supporting affidavits;

  c. The Affidavits of Service were fatally defective and do not establish service; and

  d. Service of process was never actually effected.

3. Further, as a result, this suit has not been served within the required 90 day period prescribed by FED. R. CIV. P. 4.

## II. LACK OF PERSONAL JURSIDCTION FOR INEFFECTIVE SERVICE

4. As a predicate matter, this Court must look to Texas state law and procedure for the applicable laws regarding proper service of process in this matter. As Federal Rule of Civil Procedure 4(e)(1) provides, "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made". As the Court recited in *Taylor v. Alex Brown & Sons, Inc.*, process may be served "pursuant to the law of the state in which the district court is located." 2002 WL 31245369, (N.D.Tex [Dallas] 2002) (citing FED. R. CIV. P. 4(e)). The Court continued, if service of process was not executed in strict compliance with Texas state law, the court cannot acquire proper jurisdiction over a defendant. *Id*. (citing *Whitney v. L & L Realty Corp.*, 500 S.W.2d 94, 96 (Tex.1973)). *See also, Kreimerman v. Casa Veerkamp, S.A. de C.V.,* 22 F.3d 634 (5th Cir. 1994) (applying Texas state law and procedural rules to analysis of effective service of process).

**A. AFFIDAVITS IN SUPPORT OF PLAINTIFF'S MOTION FOR SUBSTITUTED SERVICE WERE DEFECTIVE.**

5. A party seeking to obtain substitute service of process is required by the rules of civil procedure to file a motion supported "by affidavit stating the location of the defendant's usual place of business or usual place of abode or other place where the defendant can probably be found

and stating specifically the facts showing that service has been attempted under either [TEX. R. CIV. P. 106](a)(1) or (a)(2) at the location named in such affidavit but has not been successful." *Eco General Contractors LLC v. Goodale,* 2019 WL 1179409 (Tex. App.—Fort Worth 2019, no pet.).

6. In *Garrels v. Wales Transp., Inc.*, the Dallas Court of Appeals decided a plaintiff's unsworn motion for substituted service was insufficient when the motion itself did state the defendant's address but it was not supported by an affidavit stating that the address in the motion was the defendant's usual place of business or abode, or other place where the defendant could probably be found. 706 S.W.2d 757 (Tex. App. —Dallas 1986, no writ). *Garrels* held that before the trial court may order substituted service under rule 106, "there must be evidence of probative value that the location stated in the affidavit is the defendant's usual place of business or usual place of abode or other place where the defendant can probably be found." *Id*. at 759. *See also, LaRose v. REHJ, Inc*., No. 05-17-01348-CV, 2018 WL 6521804, at *3–4 (Tex. App.—Dallas Dec. 12, 2018, no pet. h.) (mem. op.) (reversing default judgment because "the declaration in support of substituted service does not state that the address listed is [the defendant's] usual place of business or abode or a place where he is likely to be found" and thus was not in strict compliance with rule 106(b)).

7. Neither of the affidavits supporting Plaintiff's motion contain <u>*any*</u> reference to "the defendant's usual place of business or usual place of abode or other place where the defendant can probably be found." *Garrels v. Wales Transp., Inc*., 706 S.W.2d 757 (Tex. App. —Dallas 1986, no writ). <u>This makes the supporting affidavits defective on their face</u>. When the supporting affidavits wholly failed to support the motion for substituted service, the trial court never acquires personal service over the defendant. *In re Sloan*, 214 S.W.3d 217 (Tex. App.—Eastland 2007, no

pet.). An affidavit will not support substituted service if it is conclusory or otherwise insufficient. *See Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex.1990).

8. The Texas Supreme Court has made clear that appellate courts **_may not make presumptions, no matter how reasonable_**, to uphold a no-answer default judgment. *Spanton v. Bellah,* 612 S.W.3d 314 (Tex. 2020) (emphasis added). As the Court stated in *Spanton*, "We have long held that a no-answer default judgment cannot stand when the defendant 'was not served in strict compliance with applicable requirements.'" *Id*. (citing *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990). Because no-answer default judgments are disfavored, *Holt Atherton Indus., Inc. v. Heine*, 835 S.W.2d 80, 86 (Tex. 1992), and because trial courts lack jurisdiction over a defendant who was not properly served with process, *Wilson*, 800 S.W.2d at 836, the Texas Supreme Court continued, "we have construed "strict compliance" to mean just that. We indulge no presumptions in favor of valid issuance, service, or return of citation." *Id*. (citing *Uvalde Country Club v. Martin Linen Supply Co*., 690 S.W.2d 884, 885 (Tex. 1985); *McKanna v. Edgar*, 388 S.W.2d 927, 929 (Tex. 1965)). Service of process that does not strictly comply with the rules' requirements is "invalid and of no effect." *Id*.

9. In this case, neither of the supporting affidavits "positively and unqualifiedly represent the facts as disclosed in the affidavit to be true and within the affiant's personal knowledge". Rather, all of them state only that the "foregoing is true and correct." They neither establish that they are based on personal knowledge, nor would even allow someone to infer that from their content, which renders them fatally defective. Affidavits supporting the motion for substituted service must state that they are "based on personal knowledge." *See Ford Motor Co. v. Leggat*, 904 S.W.2d 643, 645-46 (Tex. 1995) (affidavit must satisfy statutory definition and demonstrate it is based on personal knowledge); *Humphreys v. Caldwell*, 888 S.W.2d 469, 470

(Tex. 1994) (holding that an affidavit which does not positively and unqualifiedly represent the facts as disclosed in the affidavit to be true and within the affiant's personal knowledge is legally insufficient). Texas Courts routinely find the granting of substituted service when the supporting affidavits fail to positively and unqualifiedly represent the facts as disclosed in the affidavit to be true and within the affiant's personal knowledge As the Court stated in *In the Interest of M.M.M.A.*, "Chavira's affidavit satisfies the statutory definition, but it fails to positively and unqualifiedly represent the facts as disclosed in the affidavit to be true and within the affiant's personal knowledge…Because the affidavit is legally insufficient, the trial court erred by granting the motion for substituted service. It is unnecessary to address Mother's remaining arguments. Issue One is sustained. We reverse the default judgment and remand the cause to the trial court for further proceedings consistent with the opinion." 583 S.W.2d 632 (Tex. App.—El Paso 2018, no pet.) (citing *Ford Motor Co. v. Leggat*, 904 S.W.2d 643, 645-46 (Tex. 1995)).

10. As well, the supporting affidavits do not even establish that reasonable attempts were made to effect service. For example, in the affidavit of nonservice on Dolcefino Communications, "Kievin Yates" states:

> Serve Attempt #1
> Date / Time: May 17, 2023 12:53 pm
> Address: 1951 Richmond Ave., Houston, TX 77098
> Photo: See Exhibit 1a below
> Geolocation: https://google.com/maps?q=29.7082691,-95.372116
> Description of attempt: The suite was vacant.

Then in the affidavit of nonservice on Wayne Dolcefino, Mr. Yates states:

> Serve Attempt #1
> Date / Time: May 17, 2023 12:54 pm
> Address: 3701 Kirby Dr, Suite 560, Houston, TX 77098
> Photo: See Exhibit 1a below
> Geolocation: https://google.com/maps?q=29.7082691,-95.372116
> Description of attempt: The suite at the listed address is vacant.

To add to the problem, Mr. Yates, in the affidavit of nonservice regarding Wayne Dolcefino, says the suite was vacant and attaches a picture of the former offices of Dolcefino at 3701 Kirby. [Exhibit 1a) to his affidavit, Document 6-4 in this Court's docket], but then, in his affidavit of nonservice regarding Dolcefino Communications, he again says the suite was vacant, but attaches a picture of the Suite 560 sign, which was purportedly at the 1951 Richmond address, but which is actually the suite number sign at 3701 Kirby. [Exhibit 1a) to his affidavit, Document 6-3 in this Court's docket]. The court should note that the Geolocation information provided in *both* service attempts is identical.

11. As well, in the affidavits of "Shaniqua Castille", the service attempts indicate an inadequate number of attempts to serve at the residential address for Mr. Dolcefino, even though her affidavit makes clear that she had confirmation that it was the correct address. It is apparent from the affidavits that no genuine attempt was made to serve the defendants. Even if Ms. Castille's affidavit supported a sufficient number of attempts to serve, her affidavit also fails for lack of any assertion that the information provided in her affidavit was "positively and unqualifiedly represent[ed] the facts as disclosed in the affidavit to be true and within the affiant's personal knowledge".

**B.     PLAINTIFF'S MOTION FOR SUBSTITUTED SERVICE WAS DEFECTIVE.**

12. There is some support for the position that a defect in the affidavits supporting a motion for substituted service could be cured by the Motion itself, in this case, it is not. Plaintiff's Motion states only (as to Defendant Dolcefino Communications LLC), "registered mailing address and last known office address is 1951 Richmond Ave, Houston, TX 77098 and its last known email address is media@dolcefino.com." [Document 6 in this Court's Docket]. As to the individual defendant Wayne Dolcefino, the Motion states only, "Upon information and belief, Wayne's last known registered office street address is 3701 Kirby Dr, Suite 560, Houston, TX 77098 and last

known home address is 3743 Tartan Ln, Houston, TX 77025." *Id*. As such, the Motion does not comply with the prescribed laws for having obtained substituted service.

13. It should be noted here that while 3701 Kirby is not even the usual place of business for Defendants and has not been for nearly 2 years. Yet Plaintiff *did* have his usual place of business as it is noted in the same document as 1951 Richmond Ave. However, there were apparently *no* attempts to serve either of the defendants there. While one of the two supporting affidavits to Plaintiff's motion seemingly indicates an attempt to serve the defendants at that address, there are two significant problems with it: (1) the photo of the "suite" number sign is actually from the vacant 3701 Kirby address, and, more importantly, (2) the corresponding affidavit shows that *exact same* service attempt to have been at 3701 Kirby, attaching another photo of the empty suite at the Kirby address.

C. **AFFIDAVITS OF SERVICE WERE DEFECTIVE AND DO NOT ESTABLISH SERVICE**

14. In this case, the affidavits attempting to establish service are fundamentally problematic, and do not establish service. The most glaring example is in the method of service the process server asserts. In his two affidavits, states:

> I received the following documents on July 24, 2023 at 12:44 pm. I delivered these documents on Dolcefino Communications, LLC in Harris County, TX on July 27, 2023 at 11:45 am at 3701 Kirby Dr, Houston, TX 77098 by emailing the documents to wayne.dolcefino@abc.com, wdolcefino@yahoo.com, wayne@dolcefino.com, dolcefino@ev1.net, media@dolcefino.com and texting the documents to (713) 389-0810 and (713) 899-9297.

[Document 8 of this Court's docket].

> I received the following documents on July 24, 2023 at 12:44 pm. I delivered these documents on Wayne Dolcefino in Harris County, TX on July 27, 2023 at 11:46 am at 3701 Kirby Dr, Houston, TX 77098 by emailing the documents to wayne.dolcefino@abc.com, wdolcefino@yahoo.com, wayne@dolcefino.com, dolcefino@ev1.net, media@dolcefino.com and texting the documents to (713) 389-0810 and (713) 899-9297.

[Document 9 of this Court's docket]. As such, on their face, the documents purport to have served the defendants as "delivered these documents on [defendant] … at 3701 Kirby Dr." but then states he did so "by emailing the documents…" The affidavits purport that the process server physically delivered the documents, to a known vacant address by the way, but that such physical delivery was by email. It is impossible to physically deliver documents to a physical address, by way of email and text.

15. Further, his attached photograph of what appears to be an attempt to serve via email is not a sent email. From its face, it is apparent that the process server may have *drafted* an email, but the lack of date and time of the email, as well as the pictured existence of the "continue" button establishes that the photo is only the *draft* of the email and does not establish that it was sent. As well, Mr. Mousa Ramadan (the process server) does not state that the documents "have been emailed" or have been "sent by text message." His description of his service attempt is, at minimum, ambiguous in its wording. He states:

> Additional Description:
> The documents has been emails and text; email addresses, wayne.dolcefino@abc.com, wdolcefino@yahoo.com, wayne@dolcefino.com, dolcefino@ev1.net, media@dolcefino.com phone numbers, (713) 389-0810 and (713) 899-9297.

Simply, "the documents has been emails and text" does not establish that the documents were emailed or were sent by text.

16. As noted above, The Texas Supreme Court has made clear that appellate courts **_may not make presumptions, no matter how reasonable_**, to uphold a no-answer default judgment. *Spanton v. Bellah,* 612 S.W.3d 314 (Tex. 2020) (emphasis added). As the Court stated in *Spanton*, "We have long held that a no-answer default judgment cannot stand when the defendant 'was not served in strict compliance with applicable requirements.'" *Id.* (citing *Wilson v. Dunn*, 800 S.W.2d

833, 836 (Tex. 1990). Because no-answer default judgments are disfavored, *Holt Atherton Indus., Inc. v. Heine*, 835 S.W.2d 80, 86 (Tex. 1992), and because trial courts lack jurisdiction over a defendant who was not properly served with process, *Wilson*, 800 S.W.2d at 836, the Texas Supreme Court continued, "we have construed "strict compliance" to mean just that. We indulge no presumptions in favor of valid issuance, service, or return of citation." *Id*. (citing *Uvalde Country Club v. Martin Linen Supply Co.*, 690 S.W.2d 884, 885 (Tex. 1985); *McKanna v. Edgar*, 388 S.W.2d 927, 929 (Tex. 1965)). Service of process that does not strictly comply with the rules' requirements is "invalid and of no effect." *Id*.

17. The Supreme Court in *Spanton* continued, "[b]ut otherwise, this Court has repeatedly held that discrepancies in the defendant's name or address prevent any implication or presumption of proper substitute service. *See Uvalde*, 690 S.W.2d at 885 (holding that service was ineffective when the person served was "Henry Bunting," but the registered agent was "Henry Bunting, Jr."); *Hendon v. Pugh*, 46 Tex. 211, 212 (1876) (reversing default judgment when the return was served on "J.N. Hendon" but the named defendant was "J.W. Hendon"); *Faver v. Robinson*, 46 Tex. 204, 205 (1876) (reversing default judgment when service of citation was served on "John R. Favers" but the named defendant was "John R. Faver"); *see also Creaven v. Creaven*, 551 S.W.3d 865, 874 (Tex. App.—Houston [14th Dist.] 2018, no pet.) (holding substitute service ineffective when "the Affidavit of Service reflects a different street name than the street name in the substituted service order, and there is no evidence in the record that these addresses refer to the same place"); *Lytle v. Cunningham*, 261 S.W.3d 837, 840 (Tex. App.—Dallas 2008, no pet.) (holding that substitute service was ineffective and involved more than a "slight variance" when citation was issued to "Mr. Chris Lytle" but the return said it was delivered to "Christopher

Lytle").” *Spanton v. Bellah,* 612 S.W.3d 314 (Tex. 2020) (citations in original). The Court stated, "Such deviances are certainly not trivial when the trial court has authorized substitute service." *Id*.

18. "[D]effective service of process constitutes error apparent of the face of the record." *In re Marriage of Beall,* 2023 WL 3487035 (Tex. App.—San Antonio May 17, 2023, no pet. h.). There is no margin for error here. If the manner prescribed is not followed, then service is accomplished in a manner not authorized by the judge. *Spanton*, 612 S.W.3d at 318. The party requesting service bears the responsibility to ensure that service is properly accomplished and properly reflected in the record. *Pro-Fire & Sprinkler, LLC v. Law Company, Inc.* 637 S.W.3d 843 (Tex. App.—Dallas 2021, no pet.). As the Court of Appeals stated in *Eco General Contractors*, "Here, the record contains no such showing that the secretary of state forwarded a copy of the process to Eco Roofing, so it does not support the default judgment. *See Fountain Powerboats, Inc. v. Speed Boats of Texas, LP*, No. 05-13-00657-CV, 2014 WL 1483591, at *3 (Tex. App. —Dallas Apr. 15, 2014, no pet.) (mem. op.) (reversing default judgment because "the record [did] not affirmatively demonstrate that the secretary of state forwarded a copy of the citation and petition to appellant.) Accordingly, we sustain Appellants' third issue." *Eco General Contractors LLC v. Goodale,* 2019 WL 1179409 (Tex. App.—Fort Worth 2019, no pet.) (citations in original).

19. Lastly, as was the case of the affidavits supporting the motion for substituted service, the Affidavit(s) of service also do not "positively and unqualifiedly represent the facts as disclosed in the affidavit to be true and within the affiant's personal knowledge." *Humphreys v. Caldwell*, 888 S.W.2d 469, 470 (Tex. 1994).

**D. SERVICE WAS NOT EFFECTED**

20. Service was not effected at all, let alone in the manner prescribed by this Court. Attached hereto are the Affidavits of Wayne Dolcefino and Carter McCormack. The Affidavits

establish that Mr. Dolcefino:

   a. checked all of the text messages that he received on July 27, 2023, including the 5 days before and after, and does not have any text messages relating to Civil Action No. 4:23-cv-01742.

   b. checked his email program for all of the email messages that I received on July 27, 2023, including the 5 days before and after, and did not receive any emails relating to Civil Action No. 4:23-cv-01742.

   c. ran searches on his email program for Mousa Ramadan, the process server, for MRD Pigeons (the process server's company name), which returned no emails.

   d. and ran searches on his email program for the cause number in this case – to the same result.

AFFIDAVIT OF WAYNE DOLCEFINO, attached hereto as Exhibit A.

21. The affidavit of Carter McCormack, an employee of Defendant Dolcefino Communications, LLC. affirms that he was given complete and unsupervised access to Mr. Dolcefino's cell phone and email program, performed the exact same searches himself, and confirmed the same information – no email, no text. AFFIDAVIT OF CARTER MCCORMACK, attached hereto as Exhibit B.

22. "[D]effective service of process constitutes error apparent of the face of the record." *In re Marriage of Beall,* 2023 WL 3487035 (Tex. App.—San Antonio May 17, 2023, no pet. h.).

### III. SUBJECT TO DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(5), DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 4

23. Subject to Defendants' Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(5) and without waiving same, Defendants' assert that this suit must be dismissed for lack of timely service. Federal Rule of Civil Procedure 4(m) provides, "(m) Time Limit for Service. If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against

that defendant or order that service be made within a specified time." As the forgoing Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(5) establishes, service was not effected at all, let alone within 90 days. As such, motion is made herein for dismissal based on Federal Rule of Civil Procedure 4(m).

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants pray that the Court grant its motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b), or in the alternative, and subject thereto, dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 4 and dismiss all claims pending against defendants. Defendants also pray for attorney fees, and for such other and further relief, at law or in equity, both general and special, to which he may be entitled.

DATED: October 13, 2023

Respectfully submitted,

**JEFF DIAMANT, P.C.**

_____

**JEFF DIAMANT**
State Bar No. 00795319
909 Fannin St., Suite 2615
Houston, Texas 77010
Phone: (713) 789-0111
Fax: (888) 798-0111
Email: jeff@jeffdiamantlaw.com

ATTORNEY FOR DOLCEFINO COMMUNICATIONS, LLC

## CERTIFICATE OF SERVICE

I hereby verify that a true and correct copy of the foregoing instrument was served upon counsel of record this 13th day of October, 2023.

_____
JEFF DIAMANT