UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALI CHOUDHRI, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:23-CV-01742 |
| | § | |
| WAYNE DOLCEFINO, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Before the Court are Defendants Dolcefino Communications, LLC ("Dolcefino Communications") and Wayne Dolcefino's ("Mr. Dolcefino") Motion to Dismiss (the "Motion") (Doc. #15) and Plaintiff Ali Choudhri's ("Plaintiff") Response (Doc. #20). Having considered the parties' arguments and the applicable law, the Court denies the Motion.

**I.   Background**

On May 10, 2023, Plaintiff filed his Complaint against Dolcefino Communications and Mr. Dolcefino (collectively, "Defendants"), alleging defamation and tortious interference. Doc. #1. Mr. Dolcefino is Dolcefino Communications' registered agent. *Id.* ¶ 5. On June 14, 2023, Plaintiff filed a Motion for Substitute Service of Process (the "Motion for Substitute Service"), asking that the Court allow Plaintiff to serve Defendants via email or text message. Doc. #3. On July 24, 2023, the Court granted the Motion for Substitute Service. Doc. #7. On October 13, 2023, Defendants filed their Motion, asking that the Court dismiss this case for ineffective service of process pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure. Doc. #15 at 2. In the alternative, Defendants seek dismissal pursuant to Rule 4 of the Federal Rules of Civil Procedure

based on Plaintiff's failure to serve process within 90 days of filing the Complaint. *Id.* at 11–12.

## II.  Legal Standards

### a.  Federal Rule of Civil Procedure 12(b)(5)

Rule 12(b)(5) permits courts to dismiss a case for "insufficient service of process." FED. R. CIV. P. 12(b)(5). A federal court is without personal jurisdiction over a defendant unless the defendant has been properly served with process. *See Pavlov v. Parsons*, 574 F. Supp. 393, 399 (S.D. Tex. 1983). To achieve sufficient service of process under Rule 12(b)(5), the party effecting service must follow the requirements of Federal Rule of Civil Procedure 4. *Chhim v. Huntleigh USA Corp.*, No. 4:13-CV-3261, 2014 WL 801023, at *1 (S.D. Tex. Feb. 28, 2014).

### b.  Federal Rule of Civil Procedure 4

Under Rule 4, an individual may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." FED. R. CIV. P. 4(e)(1). Corporations may be served "in the manner prescribed by Rule 4(e)(1) for serving an individual." Fed. R. Civ. P. 4(h)(1)(A). Moreover, Rule 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.*

## III.  Analysis

Defendants have moved for dismissal under Rule 12(b)(5) and in the alternative under Rule 4. Doc. #15.

### a.   Dismissal Under Rule 12(b)(5)

Defendants argue that dismissal under Rule 12(b)(5) is appropriate for two main reasons: (1) Plaintiff's Motion for Substitute Service and supporting evidence did not establish that substitute service was warranted, and (2) Plaintiff has not served Defendants in accordance with the Court's July 24, 2023 Order authorizing alternative methods of service. Doc. #12. The Court will address each of Defendant's arguments in turn.

### 1. Sufficiency of the Motion for Substitute Service

First, Defendants argue that Plaintiff's Motion for Substitute Service did not demonstrate that substituted service was appropriate in this case. *Id.* at 2–7. Rule 4(e) allows service to be made in accordance with the state law where the district court is located. FED. R. CIV. P. 4(e)(1). Under Rule 106(a) of the Texas Rules of Civil Procedure, "[s]ervice of process may be effected by personal service upon the defendant or by mailing the service documents to the defendant by certified mail, return receipt requested." *Selippos Tech., Ltd. v. First Mountain Bancorp*, No. 4:12-CV-01508, 2013 WL 1181469, at *2 (S.D. Tex. Mar. 20, 2013) (citing TEX. R. CIV. P. 106(a)). However, "if either of the two aforementioned methods are unsuccessful, upon receipt of an affidavit satisfying Rule 106(b), a court may authorize substituted service which, shown from the affidavit or other evidence, is reasonably calculated to provide notice." *Id.* (citing TEX. R. CIV. P. 106(b)). Rule 106(b) requires that the affidavit (1) be "sworn to before a notary or made under penalty of perjury," (2) "list[] any location where the defendant can probably be found," and (3) "stat[e] specifically the facts showing that service has been attempted under (a)(1) or (a)(2) at the location named in the statement but has not been successful." TEX. R. CIV. P. 106(b).

Here, in support of the Motion for Substitute Service, Plaintiff attached four affidavits, made under penalty of perjury, by two different process servers. Doc. #8 Ex. 3, Ex. 4. These

3

affidavits demonstrate that personal service was attempted on Mr. Dolcefino at two different addresses on several occasions. Doc. #8, Ex. 4. At one of these addresses, Mr. Dolcefino's car was outside of the residence and a maintenance employee confirmed that Mr. Dolcefino lived there. *Id.* at 4–5. The affidavits also show that the process servers attempted service on Dolcefino Communications, by way of service to its registered agent, Mr. Dolcefino, at the same addresses on several occasions. Doc. #8, Ex. 3. The Court finds that the affidavits attached to the Motion for Substituted Service meet the requirements of Rule 106(b). As such, dismissal under Rule 12(b)(5) is not warranted based on the sufficiency of Plaintiff's Motion for Substituted Service.

### 2. Proper Service of Process

Next, Defendants assert that they were never actually served. Doc. #12 at 7–12. The Court's July 24, 2023 Order authorized Plaintiff to serve Defendants via email or text message, and provided specific email addresses and phone numbers for service. Doc. #7. In general, under Rule 4, "proof of service must be made to the court . . . by the server's affidavit." FED. R. CIV. P. 4(l)(1). "A return of service is *prima facie* evidence of the manner of service. Unless some defect in service is shown on the face of the return, a motion to dismiss under Rule 12(b)(5) requires the defendant to produce admissible evidence establishing the lack of proper service." *Flores v. Koster*, No. 3:11-CV-0726-M-BH, 2013 WL 4874115, at *2 (N.D. Tex. June 28, 2013) (citations omitted). However, in the context of substituted service under Rule 106(b), "[t]he Supreme Court of Texas has held that actual notice is . . . unnecessary." *Mixon v. Nelson*, No. 03-15-00287-CV, 2016 WL 4429936, at *3 (Tex. App.—Austin Aug. 19, 2016).

On August 19, 2023, Plaintiff submitted affidavits by the process server stating that he served Defendants via email and text message in accordance with the Court's July 24, 2023 Order authorizing substituted service. Doc. Nos. 8, 9. This is "*prima facie* evidence" of service. *See*

4

*Flores*, 2013 WL 4874115, at *2. In response, Defendants claim they were not served. Doc. #15. In support of their argument, Defendants submitted affidavits stating that Mr. Dolcefino and an employee for Dolcefino Communications checked Mr. Dolcefino's "email program" and "text messages," and did not receive service. Doc. #15, Ex. 1, Ex. 2. Notably, Defendants do not specify what phone numbers or email addresses were checked, and indeed appear to refer to only one phone number and one email address. *See id.* But the Court authorized service via several different email addresses and phone numbers, all of which were used for service. *See* Doc. Nos. 8, 9. Moreover, Plaintiff is not required to prove that Defendants received actual notice. *See Mixon*, 2016 WL 4429936, at *3. Therefore, based on the record, the Court finds that Defendants were served in accordance with the July 24, 2023 Order authorizing substituted service. Accordingly, Defendants' request for dismissal under Rule 12(b)(5) is denied.

    b. **Dismissal Under Rule 4**

In the alternative, Defendants move for dismissal pursuant to Rule 4, arguing that they were not timely served. Doc. #15 at 11–12; *see* FED. R. CIV. P. 4(m). As the Court recounted above, Plaintiff served Defendants by alternative means in accordance with the Court's July 24, 2023 Order. *Supra* pp. 3–5. Thus, Defendants' request for dismissal under Rule 4 is denied.

**IV. Conclusion**

In conclusion, for the foregoing reasons, the Court finds that Defendants' Motion to Dismiss is hereby DENIED. Doc. #15.

    It is so ORDERED.

AUG 0 8 2024
Date

The Honorable Alfred H. Bennett
United States District Judge